JOHN DAN KEMP, Chief Justice, dissenting.
The majority affirms the decision of the Arkansas Workers' Compensation Commission that one-half of Oscar Gerard's attorney's fees must be paid by the Arkansas Game & Fish Commission (AG&F). I respectfully dissent.
In 2002, Gerard sustained a compensable injury. AG&F accepted the injury as compensable and paid medical and indemnity benefits. After three surgeries related to his injury, Gerard sought additional benefits. In February 2016, the administrative law judge (ALJ) awarded Gerard *429 thirty-five percent wage-loss benefits, which resulted in a 25 percent increase above the 10 percent wage-loss benefits that he had previously received. The ALJ awarded attorney's fees on the additional 25 percent wage-loss benefits and on an additional 7 percent anatomical-impairment rating awarded to Gerard. AG&F paid its one-half of attorney's fees. Gerard requested that the ALJ find AG&F responsible for his one-half of attorney's fees. In June 2016, the ALJ concluded that the General Assembly intended for the attorney's fees awarded under Arkansas Code Annotated section 11-9-715 (Repl. 2012) to have priority over the offset provision in Arkansas Code Annotated section 11-9-411 (Repl. 2012). The ALJ ordered AG&F to deduct Gerard's one-half of attorney's fees from the additional benefits awarded to him and to pay that amount to his attorneys. The Arkansas Workers' Compensation Commission (Commission) affirmed and adopted the ALJ's findings.
AG&F's appeal involves an interpretation of our workers'-compensation statutes. Arkansas Code Annotated section 11-9-715(a)(2)(B)(i) requires that
[i]n all other cases whenever the commission finds that a claim has been controverted, in whole or in part, the commission shall direct that fees for legal services be paid to the attorney for the claimant as follows: One-half (1/2) by the employer or carrier in addition to compensation awarded; and one-half (1/2) by the injured employee or dependents of a deceased employee out of compensation payable to them.
Arkansas Code Annotated section 11-9-411(a)(1) addresses any offset as follows:
(a)(1) Any benefits payable to an injured worker under this chapter shall be reduced in an amount equal to, dollar-for-dollar, the amount of benefits the injured worker has previously received for the same medical services or period of disability, whether those benefits were paid under a group health care service plan of whatever form or nature, a group disability policy, a group loss of income policy, a group accident, health, or accident and health policy, a self-insured employee health or welfare benefit plan, or a group hospital or medical service contract.
Strict construction means narrow construction. Lawhon Farm Servs. v. Brown , 335 Ark. 272, 984 S.W.2d 1 (1998). The doctrine of strict construction is to use the plain meaning of the language employed. Id. Strict construction requires that nothing be taken as intended that is not clearly expressed. Id. Seemingly conflicting statutes must be read harmoniously when possible. Great Lakes Chem. Corp. v. Bruner , 368 Ark. 74, 243 S.W.3d 285 (2006).
Here, section 11-9-715 and section 11-9-411 should be read harmoniously. Arkansas Code Annotated section 11-9-715(a)(2)(B)(i) expressly provides that each party is responsible for one-half of the attorney's fees, and the claimant's one-half is paid out of the "compensation payable" to the claimant. Thus, if the compensation payable is zero, because section 11-9-411's offset eliminates AG&F's obligation to pay any additional benefits to Gerard, then deducting from zero still leaves AG&F with no responsibility to pay Gerard's share of the attorney's fees.
Further, there is no statutory provision for employers to be fully responsible for attorney's fees, and there is no provision that permits them to seek reimbursement from APERS, as the majority suggests. The majority bases its decision on language that simply isn't in the workers'-compensation statutes. This court cannot rewrite section 11-9-715(a)(2)(B)(i) to state that an employer must pay 100 percent of the attorney's fees when no compensation is due to the claimant.
*430 In my view, the Commission erroneously interpreted section 11-9-715 and section 11-9-411. Accordingly, I would reverse the Commission's decision.
Wood and Womack, JJ., join.